JEFFREY S. BAGNELL

## JEFFREY S. BAGNELL, ESQ., LLC

55 POST ROAD WEST
WESTPORT, CONNECTICUT 06880
JBAGNELL@BAGNELL-LAW.COM
WWW.BAGNELL-LAW.COM
203-984-8820

*ADMITTED IN CONNECTICUT AND MASSACHUSETTS

March 10, 2025

### VIA OVERNIGHT MAIL

Mr. Ron J. Cohen
Chief Executive Officer
SIG SAUER, Inc.
18 Industrial Drive
Exeter, New Hampshire 03833

RE:    **Demand for Retraction**

Dear Mr. Cohen:

I am writing to demand an immediate retraction and correction of false and defamatory statements that Sig Sauer, Inc. published on March 7, 2025 on its website and social media pages entitled "The Truth About the 320." I enclose a copy of the statement for reference.

The defamatory statements contained in this document have caused and will continue to cause significant harm to the reputation of victims of the P320 as well as their legal counsel. Specifically, in it Sig publicly maligns those individuals - - many of whom are federal and state law enforcement agents, as "negligent," "anti-gun," "seeking to profit and avoid personal responsibility," being part of an "anti-gun mob" and engaging in "lawfare."

Worse, the statement publicly imputes a dishonest purpose to all victims and their legal counsel who have had the courage to bring claims in state or federal court seeking redress for injuries as severe as death. As you know, at this point a federal judge, a federal jury, and a state jury have all found that a P320 can malfunction. Numerous claims have been settled over the last eight years. Sig's claim that it is "impossible" for the P320 to fire without a trigger pull was expressly rejected as unpersuasive by a U.S. District court in 2022 in its own home state of New Hampshire. Even putting those facts aside, Sig's allegation of dishonesty in the pursuit of these claims is libelous per se under New Hampshire law to the parties involved.

Under New Hampshire law, defamation occurs when false statements are published or communicated to third parties, resulting in harm to the subject's reputation. Your statements meet these criteria and have caused measurable harm to the parties referenced above. The statements are so inherently harmful to their reputations that actual damages will be presumed under applicable case law.

Pursuant to New Hampshire law, I hereby demand that you:

Mr. Ron J. Cohen
March 10, 2025
page 2

1.    **Issue a full and prominent retraction of the defamatory statements in the same media and with equivalent prominence as the original March 7, 2025 statement.**

2.    **Cease and desist from making further public defamatory statements regarding the parties referenced above as well as any future victims of the P320.**

Despite the severe harm my clients and other firms' clients have suffered due to defects in the P320, they are giving you a chance to do the right thing and retract these false statements promptly. The retraction must be published within 30 of your receipt of this letter. Failure to comply will result in legal action seeking damages, including compensatory and punitive damages, as well as attorneys' fees.

Sincerely,

Jeffrey S. Bagnell